**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>    v.<br><br>Etuale Uiagalelei,<br><br>    Defendant | Case No.: 2:13-cr-436-JAD-PAL<br><br>**Order Adopting Report and Recommendation [#29], Overruling Objections [#32], and Denying Motion to Suppress [#22]** |

    Defendant Etuale Uiagalelei is charged in an indictment with one count of being a felon in possession of a firearm after he purportedly admitted that the .38 caliber revolver discovered in the vehicle in which he was a passenger was his.[1] Law enforcement received a tip that the car in which Uiagalelei was riding contained a felon and a firearm. Officers stopped the car, purportedly for a traffic violation, arrested the driver on an outstanding warrant, and removed the passengers. When an inventory search of the vehicle revealed the gun, officers applied for, and obtained, a telephonic search warrant with which they procured the gun and a DNA sample from Uiagalelei. After being Mirandized, Uiagalelei admitted the gun was his.

    Uiagalelei moves to suppress the gun, DNA evidence, and his post-arrest statements, arguing that they are the fruits of an unlawful traffic stop and arrest.[2] The motion was referred to Magistrate Judge Peggy Leen. After conducting an evidentiary hearing and considering the testimony of two officers on the scene and one of the other passengers in the vehicle that night, Magistrate Judge Leen issued an extensive, 19-page report of findings and

---

[1] Doc. 1 at 1–2.

[2] Doc. 22.

1

conclusions. She found that "the officers had reasonable suspicion to conduct" the traffic stop; it was "objectively reasonable" for the officers to remove Uiagalelei from the vehicle and detain him pending investigation into the allegations made in the phone tip; and, during that detention, officers "developed probable cause to arrest him."[3] He "received and waived *Miranda* warnings before making" the incriminating admissions about the gun, and his "Fourth Amendment rights were not violated under the totality of the circumstances surrounding his initial detention, the discovery of the firearm in the trunk of the vehicle, his onsite questioning or subsequent arrest."[4] Judge Leen recommends denial of the motion to suppress.[5] Uiagalelei timely objects.[6]

Having carefully reviewed the record, the parties' respective submissions, and the relevant law, I adopt Magistrate Judge Leen's findings and conclusions, accept her recommendation, overrule the defendant's objections, and deny the motion to suppress.

## Discussion

Uiagalelei raises two objections to the report and recommendation, neither of which carries the day. Uiagalelei argues again that the car in which he was riding was stopped illegally and on pretext, and the evidence that flowed from that stop must be suppressed as "fruits of the poisonous tree."[7] He notes that the officers in the marked patrol car, who performed the stop, did not personally see the traffic violation for which the vehicle was pulled over.[8] Instead, they stopped the car when Officer O'Conner and his partner requested

---

[3] Doc. 29 at 18.

[4] *Id*. at 19.

[5] *Id*.

[6] Doc. 32.

[7] *Id.* at 3.

[8] *Id.* at 2–3.

the stop.[9] But as Uiagalelei himself acknowledges, a pretextual stop is constitutional if police have "the reasonable suspicion necessary to support a stop."[10] Uiagalelei does not contend that the driver of the vehicle did not commit the traffic violation on which the stop was made. Indeed, I agree with Magistrate Judge Leen's finding that the stop was supported by reasonable suspicion because the driver violated Nevada traffic law and because police saw him do so.[11] Uiagalelei offers no legal authority for the proposition that police officers cannot rely on the real-time observations and representations of their fellow officers and that officers must personally witness the traffic violation that supports the stop. I therefore find no basis to grant the motion to suppress based on this argument and overrule this objection.

Second, Uiagalelei argues that Magistrate Judge Leen's recommendation "seems to stem more from an evaluation of the time [period in which Uiagalelei and others waited outside the Honda], and Mr. Uiagalelei's standing in relation to the car, than it does to the applicable law."[12] He argues that "[t]his is am impermissible stop."[13] This characterization is not supported by the R&R. Although it does contain a discussion of the duration of the traffic stop and de facto arrest, it also separately addresses the traffic stop itself.[14] Like Judge Leen, I find that police had reasonable suspicion for the subject traffic stop because the driver violated at least one Nevada law: he failed to turn into the correct lane as he drove

---

[9] *Id.* at 2.

[10] *See id.* at 2 (citing *Whren v. United States*, 517 U.S. 806, 809–10 (1996)); *see also United States v. Millan*, 36 F.3d 886, 888 (9th Cir. 1994) (quoting *United States v. Cannon*, 29 F.3d 472, 474 (9th Cir. 1994) (internal quotation marks omitted) ("The pretextual stop doctrine is not meant to inhibit the use of evidence discovered serendipitously during legitimate traffic stops.").

[11] Doc. 29 at 15.

[12] Doc. 32 at 3.

[13] *Id.*

[14] Doc. 29 at 12–15.

3

through an intersection, and instead, illegally changed lanes in the intersection.[15]  This is a constitutional stop based on reasonable suspicion, and no suppression of evidence is warranted.

**Conclusion**

Accordingly, it is hereby ORDERED that Magistrate Judge Peggy Leen's report and recommendation **[Doc. 29] is ADOPTED**; Etuale Uiagalelei's motion to suppress evidence for Fourth Amendment violations **[Doc. 22] is DENIED**; and his Objections to the R&R **[Doc. 32] are OVERRULED**.

DATED November 13, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[15] *See id.* at 14–15 (discussing NRS 484B.223 and NRS 484B.400). I note that Officer O'Conner testified to the failure to signal and the illegal lane change during the motion hearing, but the arrest report and the search-warrant application only discuss an illegal lane change. *Compare* Doc. 22-2 at 3 (arrest report) *and* Doc. 22-6 at 3–4 (transcript of application for telephonic search warrant) *with* Doc. 29 at 6 (describing Officer O'Conner's testimony).  Whether the driver committed one or both traffic violations, I find it sufficient that the record consistently describes an illegal lane change that gave police reasonable suspicion for the traffic stop.